[Cite as *State v. Walker*, 2026-Ohio-2943.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 115894 |
| v. | : | |
| CONNER WALKER, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 30, 2026

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-25-699383-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Alaina Hagans, Assistant Prosecuting Attorney, *for appellee.*

Law Office of Timothy F. Sweeney and Timothy F. Sweeney, *for appellant.*

DEENA R. CALABRESE, J.:

{¶ 1} Defendant-appellant Conner Walker ("Walker") appeals the trial court's imposition of a sentence consecutive to his federal court sentence. For the reasons stated below, the trial court's imposition of consecutive sentences is affirmed.

## I. Relevant Facts and Procedural History

{¶ 2} This case stems from events that occurred in October 2023 while Walker was a guest in the home of an individual who operated an in-home daycare center. Walker took A.F., the victim, into the bathroom and proceeded to orally, vaginally, and anally rape her while he recorded the encounter. The victim was a two-year-old child. Walker later disseminated the videos via online platforms. Law enforcement found numerous images and videos depicting child pornography on Walker's mobile phone, including the videos involving A.F. and images of at least one other child that attended the in-home daycare center. These events led to charges in both federal and state courts.

### A. The Federal Charges

{¶ 3} On May 1, 2024, Walker was indicted in a five-count complaint in the United States District Court for the Northern District of Ohio, *USA v. Walker*, N.D. Ohio No. 1:24-CR-40. Walker was charged with three counts of sexual exploitation of children in violation of 18 U.S.C. 2251(a) or (a) and (e), with each count involving one of three different children; one count of receipt and distribution of visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. 2252(a)(2); and one count of possession of child pornography in violation of 18 U.S.C. 2252A(a)(5)(B).

{¶ 4} On August 19, 2024, Walker pled guilty to the indictment in federal court. On January 30, 2025, Walker was sentenced to a total federal sentence of 420 months, or 35 years, in federal prison. The federal court also imposed

supervised release for a period of 20 years after Walker is released from federal prison.

**B. The State Charges**

{¶ 5} On February 11, 2025, Walker was indicted by a Cuyahoga County Grand Jury in a 12-count complaint. The counts were as follows: Counts 1-3, rape in violation of R.C. 2907.02(A)(1)(b), first-degree felonies, each with a furthermore clause that the victim was less than ten years of age; Counts 4-6, rape in violation of R.C. 2907.02(A)(1)(c), first-degree felonies; Counts 7-9, sexual battery in violation of R.C. 2907.03(A)(5), second-degree felonies, each with furthermore clauses that the victim was less than 13 years of age; and Counts 10-12, gross sexual imposition in violation of R.C. 2907.05(A)(4), third-degree felonies.

{¶ 6} On November 25, 2025, Walker entered into a negotiated plea agreement. As part of the agreement, Walker pled guilty to Counts 1 and 3, rape, amended to R.C. 2907.02(A)(2), first-degree felonies, and to Counts 9, 10, and 11 as charged. All remaining counts were dismissed by the State. In addition, the parties agreed that the offenses are not allied offenses for purposes of sentencing and that Walker would be classified as a Tier III sexual offender.

{¶ 7} The trial court held a sentencing hearing on the same day. The trial court sentenced Walker to 11 years each for the rape offenses in Counts 1 and 3, 8 years for the sexual battery offense in Count 9, and 3 years each for Counts 10 and 11. The sentences on Counts 1, 3, and 9 were to run concurrently to each other and concurrently to Walker's federal sentence. The sentences on Counts 10 and 11 were

"to run consecutive to each other and consecutive to [Walker]'s federal sentence for an additional six years." The trial court made the following findings on the record:

> The Court finds that consecutive sentences — a consecutive sentence is necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and the Court makes this finding pursuant to 2929.14(C)(4)(b).
>
> The Court notes for the record that at least two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> And the specific findings that this Court makes pursuant to 2929.14(C)(4)(b), the age of the victim, the vulnerability of the victim, the fact that the victim was penetrated orally and vaginally. That is the basis for this Court's consecutive sentence.

{¶ 8} On November 26, 2025, the trial court issued a journal entry that stated as follows:

> The court imposes prison terms consecutively finding that consecutive service of the prison term is necessary to protect the public from future crime or to punish defendant; that the consecutive sentences are not disproportionate to the seriousness of defendant's conduct and to the danger defendant poses to the public; and that, at least two of the multiple offenses were committed in this case as part of one or more courses of conduct, and the harm caused by said multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of defendant's conduct.

{¶ 9} This appeal followed. Walker raises the following single assignment of error for our review:

> The trial court's imposition of consecutive sentences, when considered in light of 20-year-old Walker's aggregate prison sentence of 41 years

which thereby resulted for both his federal and state cases, was, clearly and convincingly, not supported by the record, disproportionate to the subject crimes, and unnecessary to address concerns of punishment and public protection in the circumstances.

## II. Law and Analysis

{¶ 10} Appellate review of felony sentences is governed by R.C. 2953.08(G)(2). *State v. Hervey*, 2022-Ohio-1498, ¶ 16 (8th Dist.), citing *State v. Marcum*, 2016-Ohio-1002, ¶ 21. Pursuant to R.C. 2953.08(G)(2), an appellate court may increase, reduce, or otherwise modify a sentence, or vacate a sentence and remand for resentencing if it "clearly and convincingly finds" that the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is "otherwise contrary to law."

{¶ 11} Clear and convincing evidence is

that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.

*State v. Gwynne*, 2023-Ohio-3851, ¶ 14, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 12} Appellate courts are "extremely deferential to the trial court" with respect to consecutive-sentence findings. *State v. Stiver*, 2024-Ohio-65, ¶ 20 (8th Dist.); *see also Gwynne* at ¶ 4. This deferential "clear and convincing standard of review . . . does not permit the appellate panel to substitute their judgment for that of the sentencing judge." *Stiver* at ¶ 20, citing *State v. Venes*, 2013-Ohio-1891, ¶ 20

(8th Dist.). Accordingly, appellate courts "cannot review the weight of individual considerations to determine whether a trial court 'sufficiently' considered the facts underlying the findings." *Stiver* at ¶ 17; *see also State v. Jones*, 2016-Ohio-8145, ¶ 16 (8th Dist.) ("[C]onsecutive-sentencing review is limited to determining whether the record supports the findings actually made; it is not an invitation to determine or criticize how well the record supports the findings."). Accordingly, this court has "deferred to the trial court when the issue was the weight of the record in support of the consecutive-sentence findings." *Id.* at ¶ 17. Put another way,

> [t]he statute is written in the negative; that is, an appellate court does not need to clearly and convincingly find that the record supports the findings in order to affirm, but instead must clearly and convincingly find that the record does not support the findings in order to reverse or modify a sentence.

*State v. Roberts*, 2017-Ohio-9014, ¶ 10 (8th Dist.). In addition, the Ohio Supreme Court recently instructed that "[t]he number of consecutive sentences and the total length of the aggregate prison term are not subject to appellate review." *State v. Polizzi*, 2026-Ohio-2588, ¶ 30.

{¶ 13} Pursuant to R.C. 2929.41(A), Ohio courts adhere to the presumption that sentences will be served concurrently. *State v. Jones*, 2024-Ohio-1083, ¶ 11. Pursuant to R.C. 2929.14(C)(4), consecutive sentences are permitted when the sentencing court finds that the consecutive sentences are necessary to protect the public from future crime or to punish the offender, the consecutiveness is not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and the court finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17 or 2929.18, or was under post-release control for the prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the course of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 14} To impose consecutive sentences, the trial court must make each finding required under R.C. 2929.14(C)(4) at the sentencing hearing and incorporate those findings into its sentencing journal entry. *Hervey*, 2022-Ohio-1498, at ¶ 19 (8th Dist.), citing *State v. Bonnell*, 2014-Ohio-3177, syllabus. A trial court "has no obligation to state reasons to support its findings." *Bonnell* at ¶ 37. However, "'a reviewing court must be able to ascertain from the record evidence to support the trial court's findings.'" *Jones* at ¶ 14, quoting *State v. Jones*, 2022-Ohio-2133, ¶ 13 (8th Dist.), citing *Bonnell* at ¶ 29.

{¶ 15} Walker contends that the conduct at issue in this case is the same as the conduct in Count 1 of his federal case. However, our review of the record reveals that the federal case revolved around the dissemination and possession of child pornography contained in videos and images and the state case revolved around the rapes of A.F. In addition, Walker concedes that double jeopardy does not apply

when a defendant is charged in both federal and state courts for the same crime.

Indeed, the dual-sovereignty doctrine applies in Ohio and instructs that

> "[e]very citizen of the United States is also a citizen of a State or territory. He may be said to owe allegiance to two sovereigns, and may be liable to punishment for an infraction of the laws of either. The same act may be an offence or transgression of the laws of both.
>
> That either or both may (if they see fit) punish such an offender, cannot be doubted. Yet it cannot be truly averred that the offender has been twice punished for the same offence; but only that by one act he has committed two offences, for each of which he is justly punishable."

*State v. Fletcher*, 26 Ohio St.2d 221, 223-224 (1971), quoting *Moore v. Illinois*, 55 U.S. 13, 20 (1852).

{¶ 16} In this case, the sentencing court made the required R.C. 2929.14(C)(4) consecutive-sentence findings. A review of the record in this case reveals that it does not clearly and convincingly fail to support the trial court's findings. The record reveals the following: Walker raped a two-year-old child orally, anally, and vaginally; Walker videotaped these events; Walker circulated the videos of the events via online platforms. Thus, the trial court's imposition of a sentence consecutive to Walker's federal sentence is supported by the record.

{¶ 17} For the reasons stated above, Walker's single assignment of error is overruled, and the trial court's imposition of consecutive sentences is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
DEENA R. CALABRESE, JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR